PASHMAN STEIN, P.C.
MICHAEL S. STEIN
JOHN T. WHIPPLE
SEAN MACK
Court Plaza South
21 Main Street, Suite 100
Hackensack, NJ  07601
Telephone:  201/488-8200
201/488-5556 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK S. REICH
CHRISTOPHER M. BARRETT
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Additional Counsel on Signature Page]

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DUVALL, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>PAR PHARMACEUTICAL COMPANIES, INC., PETER S. KNIGHT, PATRICK G. LEPORE, RONALD M. NORDMANN, THOMAS P. RICE, MELVIN SHAROKY, JOSEPH E. SMITH, PATRICK J. ZENNER, TPG CAPITAL, L.P., SKY GROWTH HOLDINGS CORPORATION, and SKY GROWTH ACQUISITION CORPORATION,<br><br>       Defendants. | No. 2:12-cv-05109<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION BY ORDER TO SHOW CAUSE FOR EXPEDITED DISCOVERY |

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ................................................................... 1

II. ARGUMENT ................................................................................................. 2

    A. The PSLRA's Stay Should Be Lifted, at Least Partially, to Prevent Undue Prejudice to Plaintiff ..................................................... 2

    B. Plaintiff Is Entitled to Expedited Discovery ......................................... 6

        1. The Requested Discovery Is Not Overbroad, but Regardless, Plaintiff Has Narrowed Them and Expressed a Willingness to Defendants to Narrow Them Even Further ................................................................................... 6

III. CONCLUSION ............................................................................................. 8

Plaintiff, Robert Duvall, ("Plaintiff") respectfully submits this reply memorandum of law in response to Defendants' Opposition to Plaintiff's Motion for Expedited Discovery ("Opposition") and in further support of his motion.[1]

## I.   PRELIMINARY STATEMENT

Defendants argue in their opposition that the Court should deny Plaintiff's motion for expedited discovery for two reasons. First, Defendants argue that discovery cannot be expedited because it is stayed pending their anticipated motion to dismiss under Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA") (codified at 15 U.S.C. §78u-4(b)(3)(B)).[2] But as more fully explained below, the stay should be lifted (at least partially) pursuant to the PSLRA to prevent the Plaintiff from suffering the undue burden of having to make an informed vote without all material information.

Second, Defendants argue that discovery should not be expedited because Plaintiff's requests are not narrowly tailored to the issues at stake. Defendants make this argument without fully informing the Court that they avoided numerous overtures by Plaintiff's counsel to meet and confer with Defendants about the scope of

---

[1]   Capitalized terms herein are defined in Plaintiff's opening memorandum (Dkt. no. 8.2).

[2]   Because Defendants announced their intention to move to dismiss the Complaint on August 20, 2012, the automatic stay was not in place when Plaintiff's served their opening motion papers on August 15, 2012. Plaintiff is, therefore, addressing the stay for the first time herein.

discovery (*see* Declaration of Mark S. Reich ¶¶3-6 ("Reich Decl. __"). Notwithstanding Defendants' unwillingness to engage in (or even respond to Plaintiff regarding) discussions concerning the scope of discovery, Plaintiff expressed his preparedness to narrow his requests (*see infra* Part II.B). And, now, Plaintiff has done so unilaterally. Accordingly, Defendants' second argument – which, regardless, is now moot – should be rejected.

## II.  ARGUMENT

### A.  The PSLRA's Stay Should Be Lifted, at Least Partially, to Prevent Undue Prejudice to Plaintiff

Defendants seek to delay discovery here by hiding behind the stay contained in the PSLRA. Defendants argue that the PSLRA precludes this Court from allowing Plaintiff to take any discovery pending resolution of defendants' (to be filed) motion to dismiss. This argument fails, however, because even if defendants invoke the PSLRA's discovery stay, the PSLRA expressly provides exceptions for situations where discovery is necessary "to prevent undue prejudice." 15 U.S.C. §78u-4(b)(3)(B).

Undue prejudice exists where a plaintiff faces irreparable harm. *See Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2001 U.S. Dist. LEXIS 1589, at *22-*23 (S.D.N.Y. Feb. 16, 2001) (noting that undue prejudice is "'improper or unfair treatment' amounting to something less than irreparable harm") (citation omitted). And, under black-letter law, shareholders are faced with irreparable harm if forced to cast misinformed votes on a corporate merger. *See, e.g.*, *Edelman v. Fruehauf Corp.*, 798

F.2d 882, 886 (6th Cir. 1986); *MAI Basic Four, Inc. v. Prime Computer, Inc.*, 871 F.2d 212, 218 (1st Cir. 1989). Indeed, the United States District Court for the District of Columbia recently specifically ruled that "this is the type of prejudice that warrants the lifting of the [PSLRA] discovery stay." *Ryan v. Walton*, Civil Action No. 10-145 (RMC) slip op. at 4 (D.D.C. March 9, 2010) (attached as Exhibit A to the Reich Decl.).

Here, Plaintiff's lawsuit seeks injunctive relief to prevent the imminent irreparable harm that will result from the consummation of a deal in which shareholders are being asked to cast uninformed votes based on the defective Proxy. This is exactly the type of situation which Congress realized necessitates quick action to prevent undue prejudice. Under these circumstances, the "undue prejudice" exception to the PSLRA stay to provide plaintiffs with a mechanism serves to prevent irreparable harm and operates to permit the Court to grant Plaintiff's motion.

Moreover, absent a fair chance to take discovery prior to moving for injunctive relief, Plaintiff will not be in a position to make the evidentiary showing necessary to support injunctive relief. In circumstances such as these, nearly all of the relevant documents are in Defendants' possession, custody and control. Defendants cannot dispute that Par Pharma shareholders will be irreparably harmed if they are forced to make an uninformed decision on the Proposed Transaction and they risk forever losing their interest in Par Pharma upon the consummation of the merger.

Further, the timing of Defendants' decision to inform this Court of their intent to file a motion to dismiss cannot be ignored and should be considered by this Court in its decision as to whether the PSLRA should be intact here and whether Plaintiff has been unduly prejudiced.

Defendants intent to file a motion to dismiss – an "intent" clearly premised on triggering the PSLRA stay and less to do with Defendants' legitimate bases for filing such a motion – was only stated after a multitude of items took place, including efforts by Plaintiff's counsel to meet and confer with Defendants on multiple issues, including, but not limited to, scheduling of briefing and the scope of discovery. Plaintiff does not, and cannot, know precisely why Defendants waited to state their "intent." Plaintiff does know, however, that none of the Defendants raised the prospect of filing a motion to dismiss *until after* Plaintiff asked Defendants to meet and confer on the scope of discovery, *until after* Plaintiff moved for expedited discovery and expedited proceedings by Order to Show Cause, *until after* Defendants apparently engaged in discussions with counsel to the Delaware Plaintiffs about the scope of discovery Defendants would be willing to provide to them **by consent**, and *until after* this Court indicated that it would hold a hearing on Plaintiff's request for expedited proceedings. Plaintiff Duvall (and this Court for that matter) is left to only presume that Defendants' tactical delay to seek the protection of the PSLRA stay corresponds with their desire to litigate this case away from this Court and away from this jurisdiction. Defendants should not be rewarded for this exploit. Defendants

simply cannot expect this Court to reward them for using the PSLRA as a tool to select which Court should hear its claims, which Plaintiff should theoretically represent the interests of a putative class and which counsel it would litigate against (or, better yet, willingly offer expedited discovery and proceedings).

Accordingly, in the interests of justice and fairness to Plaintiff and the class, expedited discovery is warranted. Discovery is warranted in order to determine, on a full and complete record, whether a preliminary injunction protecting Par Pharma shareholders should be issued. Discovery is warranted in order to protect Plaintiff from the undue prejudice brought upon him by Defendants' purposeful decision to evade his Federal claims in deference to the Delaware Actions, particularly when Defendants are prepared to (or already are) providing discovery to the plaintiffs there.[3] And discovery is warranted as the scope of the discovery sought by Plaintiff is entirely appropriate and necessary to the fair adjudication of this matter. Plaintiff, therefore, requests that the Court grant his motion for expedited discovery.

---

[3] *See, e.g., In re Royal Dutch/Shell Transport Sec. Litig.*, Civil Action No. 04-374 (JWB), 2005 U.S. Dist. LEXIS 37962, at *4-*5 (D.N.J. Feb. 15, 2005) (quoting hearing held by Magistrate Judge Haneke) ("the courts in *Enron*, *Worldcom*, *Tyco* and *Royal Ahold* have concluded that a plaintiff is unduly prejudiced if the defendant has already produced the documents requested in other governmental or private proceedings").

**B.     Plaintiff Is Entitled to Expedited Discovery**

**1.     The Requested Discovery Is Not Overbroad, but Regardless, Plaintiff Has Narrowed Them and Expressed a Willingness to Defendants to Narrow Them Even Further**

Defendants protest Plaintiff's request for expedited discovery on the basis that the demands are overly broad and burdensome. Def. Opp. at 23[4]. Defendants, remarkably, argue that this is a basis to deny the request for expedition. Defendants' argument is remarkable considering, as an initial matter, Plaintiff's counsel attempted to confer with Defendants' counsel about the precise issue of the scope of discovery. Defendants flatly ignored those requests.

It is not (and was not) Plaintiff's intention to unduly burden Defendants nor to seek overbroad discovery. Plaintiff concedes that because he failed to include a general relevant time period, several of the requests are overbroad if taken literally. Plaintiff attempted to engage Defendants in dialogue about that issue. And, now, Plaintiff has further narrowed his requests to tailor them to the relevant issues. For example, Plaintiff has now included a general time limitation on the requested documents and certain other broad language.[5] Additionally, Plaintiff has made clear

---

[4]     "Def. Opp. at __" refers to Brief on Behalf of All Defendants in Opposition to Plaintiff's Motion by Order to Show Cause for Expedited Discovery (Dkt. no. 13).

[5]     Plaintiff does not believe, however, that certain requests – despite Defendants' self-serving criticism – are too broad. Most notably, a request for documents contained in the "data room" is not broad at all. To the contrary, the request serves as a simple and direct way for Defendants to produce documents. Defendants can easily

that he seeks only to depose one representative from each of Par Pharma, TPG, and JP Morgan. Specifically, Plaintiff seeks the following discovery:

**Documents**

Unless otherwise stated, the time period to which the requests refer is January 1, 2012, through present.

1. Minutes of meetings of and presentation materials presented to Par Pharma's Board of Directors or any other committee/subcommittee of the Board (*e.g.*, presentation materials and analyses) prepared by JP Morgan or any other financial advisor in connection with Par Pharma's evaluation of strategic alternatives, including the final presentation materials underlying JP Morgan's fairness opinion on the merger;

2. Documents and communications exchanged between Par Pharma, or anyone on its behalf (*e.g.*, JP Morgan), and any prospective buyers regarding a potential sale, merger, or any other strategic transaction;

3. Monthly and quarterly executive and/or director packages containing Par Pharma's financial performance, and valuations of the Company's assets (including the internal estimates prepared by Par Pharma management that JP Morgan used in rendering any financial analyses);

4. Documents contained by or on behalf of Par Pharma in the "data room" (as referenced in the Proxy); and

5. Documents sufficient to disclose the nature, scope, and terms of TPG's engagement of JP Morgan, during the past five years (including documents sufficient to disclose the work performed by and the compensation paid, or payable, to JP Morgan).

---

provide access to or, at a very minimum, an index to the data room maintained by or on behalf of Par during due diligence. Yet, somehow Defendants would like this Court to believe that the very documents used to negotiate with potential buyers during the process that led to the Proposed Transaction are "unlikely to bear on Plaintiff's claims." Def. Opp. at 25.

**Depositions:**

6. Par Pharma executive most knowledgeable about the negotiations with TPG with regard to the Proposed Transaction, any other strategic alternative available to the Company, including the value of the Company in connection with the strategic alternatives (*e.g.*, CEO LePore);

7. JP Morgan representative most knowledgeable about the negotiations between Par Pharma and TPG and the valuation of Par Pharma; and

8. TPG executive most knowledgeable about the negotiations with Par Pharma with regard to both the Proposed Transaction and the valuation of the Company.

**Custodian Emails:**

9. Targeted email searches of custodian(s) to be deposed from Par Pharma regarding: (1) the evaluation or analysis of the a potential sale, merger, or other strategic transaction with any prospective buyers, including TPG; and (2) the engagement of JP Morgan as Par Pharma's financial advisor; and

10. Targeted email searches of custodian(s) to be deposed from JP Morgan regarding (1) Par Pharma's internal business plans, financial projections, and any other estimates used as assumptions and inputs by JP Morgan in rendering its financial analysis of the Proposed Transaction or any other strategic alternative; and (2) JP Morgan's business relationship, including work performed for and compensation received from TPG in the previous five years.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to grant his motion for expedited discovery, together with such other and further relief as the Court deems just and proper.

DATED:  August 24, 2012        PASHMAN STEIN, P.C.
MICHAEL S. STEIN
JOHN T. WHIPPLE
SEAN MACK


        /s/ *Sean Mack*
    SEAN MACK

Court Plaza South
21 Main Street, Suite 100
Hackensack, NJ  07601
Telephone:  201/488-8200
201/488-5556 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK S. REICH
CHRISTOPHER M. BARRETT
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDALL J. BARON
DAVID T. WISSBROECKER
EDWARD M. GERGOSIAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

GOLDFARB LLP
HAMILTON LINDLEY
2501 N. Harwood Street, Suite 1801
Dallas, TX 75201
Telephone:  214/583-2233
214/583-2234 (fax)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Sean Mack, hereby certify that on August 24, 2012, I caused a true and correct copy of the attached:

> Reply Memorandum of Law in Further Support of Plaintiff's Motion by Order to Show Cause for Expedited Discovery; and
>
> Declaration of Mark S. Reich in Further Support of Plaintiff's Motion by Order to Show Cause for Expedited Discovery

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

/s/Sean Mack
SEAN MACK