PASHMAN STEIN, P.C.
MICHAEL S. STEIN
JOHN T. WHIPPLE
SEAN MACK
Court Plaza South
21 Main Street, Suite 100
Hackensack, NJ  07601
Telephone:  201/488-8200
201/488-5556 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK S. REICH
CHRISTOPHER M. BARRETT
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Additional Counsel on Signature Page]

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DUVALL, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>PAR PHARMACEUTICAL COMPANIES, INC., PETER S. KNIGHT, PATRICK G. LEPORE, RONALD M. NORDMANN, THOMAS P. RICE, MELVIN SHAROKY, JOSEPH E. SMITH, PATRICK J. ZENNER, TPG CAPITAL, L.P., SKY GROWTH HOLDINGS CORPORATION, and SKY GROWTH ACQUISITION CORPORATION,<br><br>                              Defendants. | Case No. 2:2012-cv-5109 (SRC)(CLW)<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO PROCEED IN ONE JURISDICTION |

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ........................................................................................1

II. ARGUMENT..................................................................................................................2

      BECAUSE THIS COURT HAS EXCLUSIVE FEDERAL
      JURISDICTION OVER THE 14(a) CLAIM, DEFENDANTS'
      MOTION MUST BE DENIED ................................................................................2

           1.     Abstention Standard................................................................................2

           2.     Abstention Is Inappropriate.........................................................................3

III. CONCLUSION................................................................................................................5

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Burford v. Sun Oil Co.*,
  319 U.S. 315 (1943) ..................................................................................................2

*Chiropractic Am. v. Lavecchia*,
  180 F.3d 99 (3d Cir. 1999) .......................................................................................3

*Cnty. of Allegheny v. Frank Mashuda Co.*,
  360 U.S. 185 (1959) ..................................................................................................2

*Colo. River Water Conservation District v. U.S.*,
  424 U.S. 800 (1976) ..................................................................................................2

*Harrison v. XTO Energy, Inc.*,
  705 F. Supp. 2d 572 (N.D. Tex. 2010) ..................................................................4, 5

*In re Comverse Tech., Inc. Deriv. Litig.*,
  No. 06-cv-1849, 2006 WL 3193709
  (E.D.N.Y. Nov. 2, 2006) ...........................................................................................4

*Interfaith Cmty. Org. Inc. v. PPG Inds., Inc.*,
  702 F. Supp. 2d 295 (D.N.J. 2010) ........................................................................2, 3

*Krieger v. Atheros Commc'ns, Inc.*,
  776 F. Supp. 2d 1053 (N.D. Cal. 2011) ....................................................................4

*Loudon v. Archer-Daniels-Midland Co.*,
  700 A.2d 135 (Del. 1997) .........................................................................................5

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
  460 U.S. 1 (1983) ......................................................................................................3

*Nationwide Mut. Fire Ins. v. George V. Hamilton, Inc.*,
  571 F.3d 299 (3d Cir. 2009) .....................................................................................3

*Oakland Cnty. Emps. Ret. Sys. v. Massaro*,
  702 F. Supp. 2d 1012 (N.D. Ill. 2010) ......................................................................4

*Puzey v. BJ's Wholesale Club, Inc.*,
  No. 11-11339, 2012 U.S. Dist. LEXIS 45987
  (D. Mass. Mar. 31, 2012) ..........................................................................................4

**Page**

*Railroad Comm'n of Texas v. Pullman Co.*,
   312 U.S. 496 (1941)......................................................................................................2

*Riley v. Simmons*,
   45 F.3d 764 (3d Cir. 1995)............................................................................................4

*Trent v. Dial Med. of Fl., Inc.*,
   33 F.3d 217 (3d Cir. 1994)............................................................................................2

*United Servs. Auto. Ass'n v. Muir*,
   792 F.2d 356 (3d Cir. 1986)..........................................................................................3

*Univ. of Md. at Baltimore v. Peat Marwick Main & Co.*,
   923 F.2d 265 (3d Cir. 1991)..........................................................................................3

*Younger v. Harris*,
   401 U.S. 37 (1971)........................................................................................................2

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78aa..............................................................................................................................4

Federal Rules of Civil Procedure
   Rule 14a-9.....................................................................................................................1

Plaintiff Robert Duvall ("Plaintiff") respectfully submits this memorandum of law in opposition to Defendants' Motion to Proceed in One Jurisdiction. As detailed herein, binding precedent requires the denial of Defendants' purported motion to stay Plaintiff's forthcoming motion to preliminarily enjoin the proposed sale of Par Pharma to TPG ("Proposed Transaction").[1]

## I.   PRELIMINARY STATEMENT[2]

Defendants' request – that this Court abstain from hearing Plaintiff's anticipated motion to preliminary enjoin the Proposed Transaction – must be denied. In support of their motion, Defendants claim that "[t]he Federal and Delaware Actions allege substantively identical claims based on the allegedly insufficient process Par's Board engaged in to evaluate the Proposed Transaction and purported omissions and misrepresentations in the Proxy." Brief in Support of Defendants' Motion to Proceed in One Jurisdiction, *see* Docket No. 14-1, at 9. This is incorrect.

As explained more fully below, the actions are not identical. Plaintiff Duvall has alleged additional claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§78n & 78t) and Rule 14a-9 promulgated thereunder (15 C.F.R. §240.14a-9). Because this Court has exclusive jurisdiction over these federal securities claims, binding precedent instructs that abstention is inappropriate.

---

[1]   TPG Capital, L.P., Sky Growth Holdings Corporation, and Sky Growth Acquisition Corporation are collectively referred to herein as "TPG."

[2]   Unless stated otherwise, capitalized terms herein have the same meaning as defined in the Memorandum of Law in Support of Plaintiff's Motion by Order to Show Cause for Expedited Discovery. *See* Docket No. 8.

## II.     ARGUMENT

### BECAUSE THIS COURT HAS EXCLUSIVE FEDERAL JURISDICTION OVER THE 14(a) CLAIM, DEFENDANTS' MOTION MUST BE DENIED

#### 1.     Abstention Standard

"The *Colorado River* doctrine, underpinned by considerations of 'wise judicial administration . . . and comprehensive disposition of litigation,' delineates limited circumstances in which federal courts may abstain because of an ongoing parallel state proceeding." *Interfaith Cmty. Org. Inc. v. PPG Inds., Inc.*, 702 F. Supp. 2d 295, 306 (D.N.J. 2010) (quoting *Colo. River Water Conservation District v. U.S.*, 424 U.S. 800, 817 (1976)).

> While abstention even under the three traditional categories is the exception,[3] rather than the rule, *Colorado River* abstention is even rarer, for two reasons.  First, generally, the pendency of a case in state court will not bar federal litigation of a case concerning the same issues if the federal court has jurisdiction over the case before it.  Second, the federal courts have a "***virtually unflagging obligation*** . . . to exercise the jurisdiction given them."

*Trent v. Dial Med. of Fl., Inc.*, 33 F.3d 217, 223 (3d Cir. 1994) (quoting *Colo. River*, 424 U.S. at 817) (emphasis added) (other citations omitted).

"Abstention from the exercise of federal jurisdiction is the exception, not the rule.  'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'"  *Colo. River*, 424 U.S. at 813 (quoting *Cnty. of*

---

[3]     "The three constitutionally - or comity-based grounds for abstention are *Pullman* abstention, an outgrowth of *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941), which is proper when a state court determination of a question of state law might moot or change a federal constitutional issue presented in a federal court case; *Burford* abstention, an outgrowth of *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), which is proper when questions of state law in which the state has expressed a desire to establish a coherent policy with respect to a matter of substantial public concern are presented; and *Younger* abstention, an outgrowth of *Younger v. Harris*, 401 U.S. 37 (1971), which is proper when federal jurisdiction has been invoked for the purpose of restraining certain state proceedings."  *Trent*, 33 F.3d at 223 n.5.

*Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)).  Moreover, "[a] district court has little or no discretion to abstain in a case that does not meet traditional abstention requirements." *United Servs. Auto. Ass'n v. Muir*, 792 F.2d 356, 361 (3d Cir. 1986) (citation omitted).

"A two-part inquiry is required to warrant abstention: (1) whether there is a parallel state proceeding that raises 'substantially identical claims [and] nearly identical allegations and issues;' and (2) whether there are 'extraordinary circumstances' meriting abstention." *Interfaith Cmty.*, 702 F. Supp. 2d at 306 (quoting *Nationwide Mut. Fire Ins. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307-08 (3d Cir. 2009)).[4]

The *Colorado River* abstention doctrine precludes abstention under the instant facts.

### 2. Abstention Is Inappropriate

Defendants have not (and cannot) satisfy the first requirement of the *Colorado River* doctrine – that there be parallel proceedings – because the Third Circuit has held that "'there can be no possible basis for abstaining [under *Colorado River*] if the state court to which the federal court defers lacks jurisdiction over the claim.  If the [plaintiffs'] claims are not subject to review in a state forum, there can be no 'parallel' state court litigation . . . ." *Univ. of Md. at Baltimore v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 n.16 (3d Cir. 1991); *see also Chiropractic Am. v. Lavecchia*, 180 F.3d 99, 108 (3d Cir. 1999) ("[The Third Circuit] ha[s] held that abstention is

---

[4] "Six factors have been established for determining whether extraordinary circumstances exist: '(1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.' *Interfaith Cmty.*, 702 F. Supp. 2d at 306 (quoting *Nationwide Mut.*, 571 F.3d at 308 & n.10.  "On balance, these factors are 'heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983)).

inappropriate in cases in which federal courts have exclusive jurisdiction over at least a portion of the claims presented.") (citing *Riley v. Simmons*, 45 F.3d 764, 773-74 (3d Cir. 1995)).

This Court has exclusive federal jurisdiction over the 14(a) and 20(a) claims (*see* 15 U.S.C. §78aa (granting federal courts exclusive jurisdiction over Exchange Act claims)). Abstention is, therefore, inappropriate. And, this Court must hear – and **only this Court can hear** – Plaintiff's motion to preliminary enjoin the Par Pharma shareholder vote on the Proposed Transaction.

District courts in other jurisdictions have explicitly held that federal securities claims are not duplicative of claims based on state fiduciary law. *See, e.g., Oakland Cnty. Emps. Ret. Sys. v. Massaro*, 702 F. Supp. 2d 1012, 1019-20 (N.D. Ill. 2010) (holding 14(a) claims not duplicative of causes of action under Delaware law for purpose of abstention analysis); *Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1060 (N.D. Cal. 2011) (holding "the *Colorado River* doctrine does not provide grounds for staying Plaintiff's claims under the Securities Exchange Act"); *Harrison v. XTO Energy, Inc.*, 705 F. Supp. 2d 572, 577-78 (N.D. Tex. 2010) ("*XTO Energy*") (rejecting argument that similarity between Delaware-law breach of fiduciary duty claims and Exchange Act §14(a) and 20(a) claims renders abstention appropriate); *In re Comverse Tech., Inc. Deriv. Litig.*, No. 06-cv-1849, 2006 2006 U.S. Dist. LEXIS 80195, at *6 (E.D.N.Y. Nov. 2, 2006) (holding federal securities claims were not parallel to New York State causes of action); *see, e.g., Puzey v. BJ's Wholesale Club, Inc.*, No. 11-11339, 2012 U.S. Dist. LEXIS 45987, at *18 (D. Mass. Mar. 31, 2012) ("It appears . . . that the plaintiff's Exchange Act claims are not parallel to the Delaware litigation and should not be stayed.") (citations omitted).

Delaware courts agree that federal law and Delaware law on the issue of disclosures are not the same. *See Loudon v. Archer-Daniels-Midland Co.*, 700 A.2d 135, 141 n.18 (Del. 1997) ("the federal scheme of disclosure is not replicated in Delaware law") (citation omitted); *see also XTO*

*Energy*, 705 F. Supp. 2d at 577.  As such, a Delaware court is not in the position to preside over Plaintiff's claims here.  Defendants' motion must, therefore, be denied.

### III. CONCLUSION

This Court exercises exclusive jurisdiction over Plaintiff's 14(a) claims.  Accordingly, this Court cannot abstain from hearing Plaintiff's anticipated preliminary injunction motion.

DATED:  September 4, 2012          PASHMAN STEIN, P.C.
                                   MICHAEL S. STEIN
                                   JOHN T. WHIPPLE
                                   SEAN MACK


                                           */s/ John T. Whipple*
                                          JOHN T. WHIPPLE

                                   Court Plaza South
                                   21 Main Street, Suite 100
                                   Hackensack, NJ  07601
                                   Telephone:  201/488-8200
                                   201/488-5556 (fax)

                                   ROBBINS GELLER RUDMAN
                                      & DOWD LLP
                                   MARK S. REICH
                                   CHRISTOPHER M. BARRETT
                                   58 South Service Road, Suite 200
                                   Melville, NY  11747
                                   Telephone:  631/367-7100
                                   631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDALL J. BARON
DAVID T. WISSBROECKER
EDWARD M. GERGOSIAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

GOLDFARB LLP
HAMILTON LINDLEY
2501 N. Harwood Street, Suite 1801
Dallas, TX  75201
Telephone:  214/583-2233
214/583-2234 (fax)

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, John T. Whipple, hereby certify that on September 4, 2012, I caused a true and correct copy of the attached:

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO
PROCEED IN ONE JURISDICTION

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

                      */s/ John T. Whipple*
                        John T. Whipple