**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROBERT DUVALL, Individually and on Behalf of All Others Similarly Situated,<br>Plaintiff,<br><br>vs.<br><br>PAR PHARMACEUTICAL COMPANIES, INC., PETER S. KNIGHT, PATRICK G. LEPORE, RONALD M. NORDMANN, THOMAS P. RICE, MELVIN SHAROKY, JOSEPH E. SMITH, PATRICK J. ZENNER, TPG CAPITAL, L.P., SKY GROWTH HOLDINGS CORPORATION, and SKY GROWTH ACQUISITION CORPORATION,<br>Defendants. | : | Civil Action No. 12-5109 (SRC-CLW)<br><br>Honorable Stanley R. Chesler<br><br>Motion Return Date:<br><br>September 17, 2012, or such earlier date as may be set by the Court<br><br>(Oral Argument Requested)<br><br>*Document Electronically Filed* |

---

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO PROCEED IN ONE JURISDICTION**

---

Jeffrey J. Greenbaum
Scott B. Murray
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
jgreenbaum@sillscummis.com
smurray@sillscummis.com
aschwartz@sillscummis.com

*Counsel for Defendants
Peter S. Knight, Ronald M. Nordmann,
Thomas P. Rice, Melvin Sharoky,
Joseph E. Smith, Patrick J. Zenner, Par
Pharmaceutical Companies, Inc. and
Patrick G. LePore*

Adam M. Saltzman
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9090
adam.saltzman@ropesgray.com

*Attorneys for TPG Capital, L.P., Sky
Growth Holdings Corporation and Sky
Growth Acquisition Corporation*

(Additional Counsel Listed on Signature Page)

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT ........ 1**

**ARGUMENT ........ 3**

- **I. DEFENDANTS' MOTION TO PROCEED IN ONE JURISDICTION IS NOT BASED ON FEDERAL ABSTENTION LAW ........ 3**
- **II. THE PSLRA AUTOMATIC STAY AND THE PROGRESS OF THE DELAWARE ACTION FAVOR PROCEEDING IN DELAWARE ........ 7**

**CONCLUSION ........ 8**

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Chiropractic Am. v. Lavecchia, 180 F.3d 99 (3d Cir. 1999) ....................................4

Duvall v. Par Pharm. Cos., Inc. 12 Civ. 5109 (SRC) (CLW) (D.N.J. Aug. 27, 2012) ....................................2, 7

Giles v. ICG, Inc., 789 F. Supp. 2d 706 (S.D.W. Va. 2011) ....................................5, 6, 7

Harrison v. XTO Energy, Inc., 705 F. Supp. 2d 572 (N.D. Tex. 2010)....................................5

In re Allion Healthcare Inc. S'holders Litig. 2011 WL 1135016 (Del. Ch. Mar. 29, 2011)....................................4

In re Cogent Inc. S'holder Litig., 7 A.3d 487, 509 (Del. Ch. 2010)....................................6

In re Comverse Tech., Inc. Deriv. Litig., No. 06-cv-1849 (NGG) (RER), 2006 WL 3193709 (E.D.N.Y. Nov. 2, 2006)....................................5

In re Novell, Inc. S'holder Litig., C.A. No. 10-12076-RWZ, 2012 WL 458500 (D. Mass. Feb. 10, 2012) ....................................4

In re Par Pharm. Cos., Inc. S'holders Litig. C.A. No. 7715-VCP (Del. Ch. Sept. 7, 2012)....................................3, 8

Int'l Jensen Inc. v. Emerson Radio Corp., No. 96 C 2816, 1996 WL 494273 (N.D. Ill. Aug. 27, 1996) ....................................4

Krieger v. Atheros Commc'ns, Inc., 776 F. Supp. 2d 1053 (N.D. Cal. 2011)....................................5

Loudon v. Archer-Daniels-Midland Co., 700 A.2d 135 (Del. 1997)....................................6

McCreary v. Celera Corp., No. 11-1618 (SC), 2011 WL 1399263 (N.D. Cal. Apr. 13, 2011) ....................................4

Oakland Cnty. Emps. Ret. Sys. v. Massaro, 702 F. Supp. 2d 1012 (N.D. Ill. 2010)....................................5

Puzey v. BJ's Wholesale Club, Inc., No. 11-11339-MLW, 2012 WL 1114164 (D. Mass. Mar. 31, 2012)....................................5

Riley v. Simmons, 45 F.3d 764 (3d Cir. 1995)....................................4

Univ. of Md. at Baltimore v. Peat Marwick Main & Co., 923 F.2d 265 (3d Cir. 1991) .....4

Wilkinson v. LePore, Docket No. BER-C-229-12, Femia v. Par Pharm. Cos., Inc., Docket No. BER-C-263-12 (N.J. Super. Ct. Ch. Div. Sept. 6, 2012) ........................................3

## PRELIMINARY STATEMENT

Plaintiff Duvall's Memorandum of Law in Opposition to Defendants' Motion to Proceed in One Jurisdiction ("Pl.'s Opp. Br.") rests on a mischaracterization of Defendants' motion. Defendants do not, as Plaintiff contends, (see Pl.'s Opp. Br. at 2-5), ask the Court to refrain under federal abstention doctrine from hearing Plaintiff's preliminary injunction motion. Rather, Defendants ask both this Court and the Delaware Court of Chancery, in the interests of comity, consistency and efficiency, to confer, consider all the relevant factors in favor of adjudicating in each court a motion to preliminarily enjoin consummation of the Merger, and exercise their authority to require any injunction hearing prior to the shareholder vote to proceed in a single forum. In view of the status of both cases, that forum, we suggest, should be the Delaware Court of Chancery.

Because Defendants' motion does not rely on federal abstention doctrine, Plaintiff's opposition is inapposite. As Defendants explained in their opening brief, litigating in two separate courts duplicative preliminary injunction motions that involve the same parties, the same requested relief, and the same disclosure and process allegations would lead to waste, confusion and potentially conflicting rulings.

In addition, certain legal and practical considerations demonstrate the sensibility of permitting a preliminary injunction motion to proceed in only one forum: the Delaware Court of Chancery. First, as explained in Defendants' opening brief, (see Defs.' Br. in Supp. of Defs.' Mot. To Proceed in One Jurisdiction ("Defs.' Br.") at 12-14), the PSLRA's automatic stay, which applies only to the Federal Action,[1] prohibits Plaintiff Duvall from obtaining discovery before the Court resolves Defendants' motion to dismiss.[2] Indeed, on August 27, 2012, Magistrate Judge Waldor denied Plaintiff's Motion by Order to Show Cause for Expedited Discovery on precisely this ground. See Duvall v. Par Pharm. Cos., Inc., 12 Civ. 5109 (SRC) (CLW) (D.N.J. Aug. 27, 2012) (Docket Entry No. 23); Transcript of Opinion Delivered on the Record, Duvall v. Par Pharm. Cos., Inc., 12 Civ. 5109 (SRC) (CLW), at 10-15 (D.N.J. Aug. 27, 2012) (Docket Entry No. 25). Second, while here Plaintiff Duvall is prohibited from obtaining discovery, the parties to the Delaware Action are proceeding expeditiously to a preliminary injunction hearing scheduled for September 21, 2012. Document production in the Delaware Action is complete, and depositions will be taking place this week. The Delaware Plaintiffs' brief in support of a preliminary injunction is due at the end of

[1] Unless otherwise defined, capitalized terms refer to definitions given in Defendants' Brief in Support Of Defendants' Motion to Proceed in One Jurisdiction.

[2] Defendants intend to file their motion to dismiss within the next several days.

this week, and the preliminary injunction hearing is scheduled for the end of next week. (See Stipulated Scheduling Order, In re Par Pharm. Cos., Inc. S'holders Litig., C.A. No. 7715-VCP (Del. Ch. Sept. 7, 2012) ("Del. Scheduling Order"), attached as Ex. A to the Certification of Sandra C. Goldstein in Further Support of Defendants' Motion to Proceed in One Jurisdiction (hereinafter "Goldstein Reply Cert. Ex. __ .))[3]

In light of these considerations, a motion to preliminarily enjoin consummation of the Merger should proceed only in the Delaware Court of Chancery.

## ARGUMENT

### I. DEFENDANTS' MOTION TO PROCEED IN ONE JURISDICTION IS NOT BASED ON FEDERAL ABSTENTION LAW

In his opposition to Defendants' Motion to Proceed in One Jurisdiction, Plaintiff Duvall argues only that abstention under the Colorado River Doctrine is inappropriate where, as here, the federal action includes claims over which the federal courts have exclusive jurisdiction. Setting aside the accuracy of

[3] On September 6, 2012, Judge Contillo stayed two additional actions pending in the Superior Court of New Jersey, Chancery Division, in favor of the first-filed Delaware actions. (See Order, Wilkinson v. LePore, Docket No. BER-C-229-12, Femia v. Par Pharm. Cos., Inc., Docket No. BER-C-263-12 (N.J. Super. Ct. Ch. Div. Sept. 6, 2012), Goldstein Cert. Ex. B.)

this argument,[4] it is based on a faulty premise. Defendants do not rely on the Colorado River Doctrine in seeking the relief they request. Rather, Defendants ask that this Court and the Delaware Court of Chancery confer in an attempt to avoid the inefficiencies and potential inconsistencies that would result from litigating in two separate courts preliminary injunction motions that seek the same relief, based on the same allegations of insufficient process and disclosure, on behalf of the same putative class of plaintiffs. (See Defs.' Br. at 14-15 (citing In re Allion Healthcare Inc. S'holders Litig., 2011 WL 1135016, at *4 n.12 (Del. Ch. Mar. 29, 2011) (noting that the Court's "preferred approach . . . is for defense counsel to file motions in both (or however many) jurisdictions where plaintiffs have filed suit, explicitly asking the judges in each jurisdiction to confer with one another and agree upon where the case should go forward.")).)

None of the cases on which Plaintiff Duvall relies, (see Pls.' Opp. Br. at 3-4), involves a request, like Defendants', for the court to require that duplicative preliminary injunction motions proceed in only one jurisdiction. All involve motions to stay or dismiss the entire action on abstention grounds. See

---

[4] A number of courts have rejected Plaintiff Duvall's argument in cases, like this one, in which the federal claims are based on the same substantive allegations as the state law claims. See, e.g., In re Novell, Inc. S'holder Litig., C.A. No. 10-12076-RWZ, 2012 WL 458500, at *7 (D. Mass. Feb. 10, 2012); McCreary v. Celera Corp., No. 11-1618 (SC), 2011 WL 1399263, at *4 (N.D. Cal. Apr. 13, 2011); Int'l Jensen Inc. v. Emerson Radio Corp., No. 96 C 2816, 1996 WL 494273, at *2-6 (N.D. Ill. Aug. 27, 1996).

Univ. of Md. at Baltimore v. Peat Marwick Main & Co., 923 F.2d 265, 267 (3d Cir. 1991); Chiropractic Am. v. Lavecchia, 180 F.3d 99, 101 (3d Cir. 1999); Riley v. Simmons, 45 F.3d 764, 766 (3d Cir. 1995); Oakland Cnty. Emps. Ret. Sys. v. Massaro, 702 F. Supp. 2d 1012, 1015-16 (N.D. Ill. 2010); Krieger v. Atheros Commc'ns, Inc., 776 F. Supp. 2d 1053, 1056-57 (N.D. Cal. 2011); Harrison v. XTO Energy, Inc., 705 F. Supp. 2d 572, 573-75 (N.D. Tex. 2010); In re Comverse Tech., Inc. Deriv. Litig., No. 06-cv-1849 (NGG) (RER), 2006 WL 3193709, at *1 (E.D.N.Y. Nov. 2, 2006); Puzey v. BJ's Wholesale Club, Inc., No. 11-11339-MLW, 2012 WL 1114164, at *1 (D. Mass. Mar. 31, 2012).

A motion to stay or dismiss an action on abstention grounds is distinct from a motion, like that which Defendants make here, asking that duplicative preliminary injunction proceedings go forward in only one jurisdiction. A decision from the United States District Court for the Southern District of West Virginia illustrates the difference. In Giles v. ICG, Inc., 789 F. Supp. 2d 706 (S.D.W. Va. 2011), the plaintiffs brought a putative shareholder derivative class action seeking to block a proposed merger. Id. at 709. The plaintiffs alleged state law breach of fiduciary duty claims and federal claims under Section 14 of the Securities and Exchange Act, and sought to preliminarily enjoin consummation of the merger. Id. at 709. Other shareholders had filed "nearly identical" suits in the Delaware Court of Chancery. Id. at 710. In the federal action, the defendants moved to stay the

case under the Colorado River doctrine. Id. at 711-12. The Court denied defendants' motion with respect to the federal claims, holding it inappropriate to stay claims over which the federal courts have exclusive jurisdiction. Id. at 714-15.

Notwithstanding its unwillingness to stay the federal claims, the Giles Court held the federal plaintiffs' preliminary injunction motion in abeyance, deferring to the Delaware Chancery Court's resolution of the nearly identical motion pending there: "[T]he fact that the Court cannot stay the Exchange Act claims does not imply that deference to the Delaware proceedings will not provide substantial benefits to all of the parties inasmuch a[s] it will efficiently hasten the resolution of this entire litigation". Id. at 714-15. The Court noted that "[w]hile the 'federal scheme of disclosure is not replicated in Delaware Law,' the essential inquiry in analyzing a fiduciary disclosure claim under Delaware law is whether any alleged omission is 'material' as that term is defined by federal law". Id. at 715 (quoting Loudon v. Archer-Daniels-Midland Co., 700 A.2d 135, 141 n.18 (Del. 1997); In re Cogent Inc. S'holder Litig., 7 A.3d 487, 509 (Del. Ch. 2010)). The Court thus found that the situation "warrant[ed] temporary deference" to the Delaware Court of Chancery. Id. at 715-16.

Like the claims at issue in Giles, the federal disclosure claims here are based on the same substantive allegations as the state law disclosure claims alleged

in this and the Delaware Action.  (See Defs.' Br. at 9-10.)  Plaintiff Duvall has not suggested that the preliminary injunction proceeding in the Delaware Action is insufficient to protect his interests.  As the Giles decision explained, the preliminary injunction motion would be evaluated under essentially the same legal standard whether it is based on federal and state law or on state law alone.  789 F. Supp. 2d at 715.

Because Defendants ask only that a preliminary injunction proceeding go forward in only one jurisdiction, and do not seek a stay or dismissal of Plaintiff Duvall's action on abstention grounds, Defendants' motion does not implicate federal abstention law.

## II. THE PSLRA AUTOMATIC STAY AND THE PROGRESS OF THE DELAWARE ACTION FAVOR PROCEEDING IN DELAWARE

In addition, because Plaintiff Duvall's action is stayed under the PSLRA pending the Court's resolution of Defendants' motion to dismiss, any motion to preliminarily enjoin consummation of the Merger should go forward in Delaware alone.

On August 27, 2012, Magistrate Judge Waldor denied Plaintiff Duvall's motion by order to show cause for expedited discovery, holding that Plaintiff failed to demonstrate the applicability of a statutory exception to the PSLRA automatic stay.  See Duvall v. Par Pharm. Cos., Inc., 12 Civ. 5109 (SRC)

(CLW) (D.N.J. Aug. 27, 2012) (Docket Entry No. 23); Transcript of Opinion Delivered on the Record, Duvall v. Par Pharm. Cos., Inc., 12 Civ. 5109 (SRC) (CLW), at 10-15 (D.N.J. Aug. 27, 2012) (Docket Entry No. 25).  It is thus unlikely that Plaintiff Duvall will be able to obtain discovery in support of a preliminary injunction motion with sufficient time prior to the shareholder vote scheduled for September 27, 2012.

In contrast, expedited discovery in the Delaware Action, which does not implicate the PSLRA, is nearing completion.  Document production is complete, depositions are taking place this week, and the plaintiffs' brief in support of a preliminary injunction is due at the end of this week.  (See Del. Scheduling Order at ¶¶ 1-8.)  A hearing on the preliminary injunction motion is scheduled for September 21, 2012.  (Id. at ¶ 12.)

The fact that proceedings in this case are stayed under the PSLRA, while the preliminary injunction proceedings in the Delaware Action are nearing completion, further suggests that this Court should grant Defendants' motion to proceed in one jurisdiction.

## CONCLUSION

In light of these circumstances, Defendants respectfully request that the Delaware and New Jersey courts confer with each other, consider all the relevant factors in favor of adjudicating a preliminary injunction motion in each

court, and exercise their authority to require any injunction hearing prior to the shareholder vote to proceed in the Delaware Court of Chancery.

September 10, 2012

Respectfully Submitted,

/s/Jeffrey J. Greenbaum

Jeffrey J. Greenbaum
Scott B. Murray
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102-5400
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
jgreenbaum@sillscummis.com
smurray@sillscummis.com
aschwartz@sillscummis.com

*Counsel for Defendants Peter S. Knight, Ronald M. Nordmann, Thomas P. Rice, Melvin Sharoky, Joseph E. Smith, Patrick J. Zenner, Par Pharmaceutical Companies, Inc. and Patrick G. LePore*

/s/Adam M. Saltzman

Adam M. Saltzman
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
adam.saltzman@ropesgray.com

*Attorneys for TPG Capital, L.P., Sky Growth Holdings Corporation and Sky Growth Acquisition Corporation*

OF COUNSEL:

Sandra C. Goldstein
Lindsay J. Smith
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
sgoldstein@cravath.com
ljsmith@cravath.com

*Counsel for Defendants Peter S. Knight, Ronald M. Nordmann, Thomas P. Rice, Melvin Sharoky, Joseph E. Smith, and Patrick J. Zenner*

Christopher G. Green
Christine A. Rodriguez
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7878
christopher.green@ropesgray.com
christine.rodriguez@ropesgray.com

Martin J. Crisp
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
martin.crisp@ropesgray.com

*Counsel for Defendants TPG Capital, L.P., Sky Growth Holdings Corporation and Sky Growth Acquisition Corporation*

Jim N. Kramer
Alexander Talarides
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 773-5923
jkramer@orrick.com
atalarides@orrick.com

Rick Gallagher
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7397
rgallagher@orrick.com

*Counsel for Defendants Par Pharmaceutical Companies, Inc. and Patrick G. LePore*